UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| MAIGA HRALIMA, | ) | |
| Plaintiff, | ) | 3:11-cv-00376-RCJ-RAM |
| vs. | ) | |
| | ) | **ORDER** |
| NEVADA SUPREME COURT, | ) | |
| Defendants. | ) | |

Maiga Hralima, a prisoner at the Northern Nevada Correctional Center, submitted a *pro se* Motion to Request Injunctive Relief (received May 26, 2011) (ECF No. 1-1). Plaintiff did not submit the required filing fee or an application for leave to proceed in *forma pauperis* or a civil rights complaint.

A preliminary injunction is an extraordinary remedy, and the right to relief must be both clear and unequivocal before a court will grant an injunction. *See Schrier v. University of CO*, 427 F.3d 1253, 1258 (10th Cir. 2005). A request for injunctive relief that goes beyond simply maintaining the status quo, "is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979), *See Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319-20 (9th Cir. 1994). A preliminary

injunction will only be granted if the requesting party demonstrates either: 1) a combination of probable success on the merits and the possibility of irreparable harm; or 2) the existence of serious questions going to the merits and the balance of hardships tips sharply in favor of the requesting party. *LGS Architects, Inc. v. Concordia Homes of Nevada*, 434 F.3d 1150, 1155 (9th Cir. 2006); *Sony Computer Entertainment Am., Inc. v. Bleem*, LLC, 214 F.3d 1022, 1025 (9th Cir. 2000). The two formulations represent a sliding scale where the degree of irreparable harm required increases as the probability of success decreases. Id.

The Court has reviewed the Motion, which does not appear to present an issue subjecting plaintiff to irreparable harm. The Court notes that the issue presented in the motion relates to the Nevada Supreme Court's handling of its own docket. The Court further notes that, while plaintiff alleges the Clerk of the Court is improperly refusing to file his Appellant's Opening Brief in a state court appeal, the documents provided in support of his motion clearly indicate that the opening brief has been received by and retained in the record of the Nevada Supreme Court. Thus, the date he submitted his opening brief is "of record" which should serve to preserve plaintiff's rights under any filing deadlines.

"A civil action is commenced by filing a complaint with the court." Fed.R.Civ.P. 3. Until such time as there is a complaint or proper petition on file to initiate a civil action in this Court, the motion will not be considered further. Accordingly, this action shall be dismissed without prejudice and the Clerk shall be directed to return the Motion and the proper civil rights complaint and in *forma pauperis* forms and instructions to plaintiff. Plaintiff must pay the filing fee of $350 or submit the completed in *forma pauperis* form along with a complaint in order to proceed with his litigation.

**IT IS THEREFORE ORDERED** that the Clerk shall return the Motion to Request Injunctive Relief" to plaintiff along with the proper form and instructions for an application to proceed in *forma pauperis* and a civil rights complaint.

1      **IT IS FURTHER ORDERED** that this matter is **DISMISSED** without prejudice.

2 The Clerk shall enter judgment accordingly.

3     Dated this 17th day of June, 2011.

_____
UNITED STATES DISTRICT JUDGE